

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:                           Attention:  Mr. Ennis C. Favors

Opinion No. O-72
Re:  Calculation of revival fees
for corporation whose right
to do business has been
forfeited for failure to
pay franchise tax.

     We are in receipt of your letter of November 14, 1939, in which you submit the following question to this Department for an opinion:

> "Should the Secretary of State, where a corporation has been delinquent for more than six months, in payment of its franchise tax, figure and collect the revival fee for only the six months period of time, or should he figure and collect the revival fee for the entire period of delinquency?"

     Revised Civil Statutes, 1925, Article 7089, provides that each corporation shall make its annual sworn report to the Secretary of State between the 1st day of January and the 1st day of March of each year, and imposes a penalty of 10% of the amount of the franchise tax for failure to make such report. Thereafter, on the 1st day of May the franchise tax is due and payable to the Secretary of State (Art. 7084), and if the tax is not paid when due, the taxpayer then becomes liable for an additional penalty of 25% of the amount of the tax for late payment (Art. 7091). The Secretary of State is required, during the month of May, to notify each corporation which has failed to pay its franchise tax on or before the 1st day of May, that unless such tax is paid, together with penalties thereon, before the 1st day of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

July next following, the right of such corporation to do business in this State will be forfeited without judicial ascertainment (Art. 7092), such forfeiture being accomplished by noting upon the records of the Office of the Secretary of State the words "right to do business forfeited." (Art. 7091).

The method of reviving the right of such corporation to do business is provided in Article 7092, which reads, in part, as follows:

"Any corporation whose right to do business may have been forfeited, as provided in this chapter, shall be relieved from such forfeiture by paying to the Secretary of State any time within six months after such forfeiture the full amount of the franchise tax and penalty due by it, together with an additional amount of five per cent of such tax for each month, or fractional part of a month, which shall elapse after such forfeiture; provided, that such amount shall in no case be less than five dollars. When such tax and all penalties shall be fully paid to the Secretary of State, he shall revive the right of the corporation to do business within this State by cancelling the words, 'right to do business forfeited,' upon his records and endorsing thereon the word, 'revived,' and the date of such revival. If any domestic corporation whose right to do business within this State shall hereafter be forfeited under the provisions of this chapter shall fail to pay to the Secretary of State, on or before the first day of January next following the revival, (forfeiture) the amounts necessary to entitle it to have its right to do business revived under the provisions of this chapter, such failure shall constitute sufficient ground for the forfeiture, by judgment of any court of competent jurisdiction, of the charter of such domestic corporation."

Article 7095, Revised Civil Statutes, 1925, provides, in part, as follows:

"The Attorney General shall bring
suit therefor against any corporation
which may be or become subject to or
liable for any franchise tax or penalty
under this law; and, in case there may
now be or shall hereafter exist valid
grounds for the forfeiture of the charter
of any domestic private corporation, or
failure to pay any franchise tax or
franchise taxes or penalty or penalties
to which it may have become or shall
hereafter be or become subject or liable
under this or former law, he shall bring
suit for a forfeiture of such charter;
* * *"

It was held in Federal Crude Oil Company vs. Yount-
Lee Oil Company (Supreme Court, 1930), 52 S. W. (2d) 56, that
the language contained in Article 7092 quoted above, providing
that the franchise tax and penalties due might be paid at any
time within six months after the forfeiture, is directory, and
that the corporation may be relieved of the forfeiture by pay-
ing the franchise tax with accumulated penalties after the six
months period if at the time payment is made the State has not
availed itself of its right to bring suit against the corpora-
tion for the purpose of forfeiting its charter.

As we construe this statute, the six months provision
does not refer to or fix a limit upon the time for calculating
the five per cent per month revival fee, but is a limitation upon
the right of the State to forfeit the charter. It was intended
to allow the delinquent corporation six months from the date of
the forfeiture within which to revive its right to do business
and during such six months period, the Attorney General is with-
out authority to institute a suit to forfeit the corporate char-
ter and dissolve the corporation by reason of its failure to
pay the franchise tax.

This construction is in accord with the construction
and application of the statute made by the Secretary of State
over a long period of time and we would not be justified in
departing therefrom unless good reason existed for such action.

It is our opinion that the Secretary of State should
collect a revival fee from a corporation whose right to do
business has been forfeited for failure to pay its franchise
tax, at the rate of 5% per month, or fractional part of a
month for the entire period from the date of forfeiture until

Honorable M. O. Flowers, Page 4

the accrued tax and penalties are paid, although payment may be made more than six months after the date of forfeiture.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Cecil C. Cammack
                      Assistant

CCC:RS

APPROVED NOV 22, 1959

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN